In the Matter of the Application of CHARLES W. OSBORN for the Removal of the CITIZENS TRUST COMPANY OF PATCHOGUE, as Trustee under an Agreement Dated January 24, 1928, and for a Judicial Settlement of the Account of Such Trustee, and for the Appointment of a Successor Trustee under the Terms of Said Agreement. In the Matter of the Application of the CITIZENS TRUST COMPANY OF PATCHOGUE for Leave to Account and Resign as Trustee under a Certain Indenture Bearing Date the 24th Day of January, 1928, and for the Appointment of a Successor Trustee. CITIZENS TRUST COMPANY OF PATCHOGUE and HELEN M. OSBORN, Appellants; BERTHA M. OSBORN, Widow of CHARLES W. OSBORN, Deceased, Respondent.— On appeal by Helen M. Osborn, order bringing in a party defendant affirmed, without costs. At present Bertha M. Osborn has an apparent interest in the estate contingent in its nature, so that she may properly be brought in as a party to these proceedings for an accounting, for the resignation of the trustee and the appointment of a successor trustee — at least as a matter of discretion. Her interest, whatever it may be, is contingent, for it may be divested by her death before that of the surviving beneficiary for life. The final distribution is evidently to be made under the " divide and pay over " rule; and assuming without deciding that the heirs of Charles W. Osborn, now deceased, take a contingent remainder, it cannot be determined who his heirs will be until the death of Helen M. Osborn, the surviving life beneficiary of the trust. It is, therefore, unnecessary that the question shall now be determined as to whether she will ultimately be entitled to share in the distribution as a " legal heir " of her late husband, Charles W. Osborn. That may well await determination in a direct proceeding at the proper time. It is sufficient if we hold that she has a right to be heard on the collateral question now before the court. Lazansky, P. J., Hagarty, Carswell and Davis, JJ., concur; Young, J., concurs in result. On appeal by Citizens Trust Company of Patchogue, appeal dismissed, with ten dollars costs and disbursements. As to the Citizens Trust Company, we think it is not a party aggrieved by the order. It has no interest in the question as to whom the remainder should be paid or concerning what parties are permitted to be heard on the accounting, its application to resign as trustee, and the appointment of a successor trustee. At the proper time it may ask the court for an interpretation of the trust agreement for its own protection, but it has no concern in the matter where the claimant seeks to be made a party and be heard in respect to her claim. Least of all has it the right to become a partisan in a controversy of this nature. Lazansky, P. J., Carswell and Davis, JJ., concur; Young and Hagarty, JJ., dissent.